Steven J. Reisman (SR 4906)
Lynn P. Harrison 3rd (LH 5540)
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

James M. Reed, Esq.
Steven W. Soulé, Esq.
Bonnie N. Hackler, Esq.
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma 74103-3708
Telephone: (918) 594-0627
Facsimile:  (918) 594-0505

Co-counsel for Williams Energy Derivatives and
Trading Company n/k/a Williams Power Company, Inc.

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>**PONDEROSA PINE ENERGY PARTNERS, LTD., ET AL.,**<br><br>DEBTORS. | CHAPTER 11<br><br>CASE NO. 05-21444 (NLW)<br>(JOINTLY ADMINISTERED) |

**RESPONSE OF WILLIAMS POWER COMPANY, INC. TO MOTION BY
THE AGENT ON BEHALF OF THE SECURED PARTIES FOR CONDITIONAL
RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE AGENT TO
EXERCISE ITS RIGHTS WITH RESPECT TO THE WILLIAMS GAS PURCHASE
<u>AGREEMENT PURSUANT TO 11 U.S.C. § 362 AND FED. R. BANKR. P. 4001</u>**

Williams Energy Derivatives & Trading Company n/k/a Williams Power Company, Inc. ("WPC") respectfully submits the Response of Williams Power Company, Inc. to Motion by the Agent on Behalf of the Secured Parties for Conditional Relief from the Automatic Stay to Permit the Agent to Exercise its Rights With Respect to the Williams Gas Purchase Agreement Pursuant

to 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001 (the "Motion").  In support, WPC states as follows:

## BACKGROUND

1. On April 8, 2005, Ponderosa Pine Energy Partners, Ltd. ("Ponderosa") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and on April 14, 2005 the six other of Ponderosa's affiliates (collectively with Ponderosa, the "Debtors") also filed such petitions. The Debtors are now operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").  There has been no request for appointment of a trustee or examiner, and no official committee has been appointed in the Debtors' Chapter 11 cases.

2. On or about May 4, 2005, WPC sent Ponderosa notice (the "Termination Letter") of its intent to terminate that certain gas purchase agreement (the "GPA") between WPC, one the one hand, and Ponderosa's predecessors Tenaska Gas Co. and Tenaska Power Partners, L.P. (collectively "Tenaska"), on the other hand, dated as of May 13, 1994.  In the Termination Letter, WPC advised Ponderosa that it was in material breach of the GPA pursuant to Section 18.1(a)(ii) as a result of its filing a bankruptcy petition.  WPC gave Ponderosa sixty (60) days notice of its intent to terminate, unless Ponderosa cured, if possible, the default as required by Section 18.4 of the GPA.

3. WPC also sent a copy of the Termination Letter to JPMorgan Chase Bank, N.A., successor in interest to the Agent ("Chase" or the "Agent"), when WPC sent the Termination Letter to Ponderosa on May 4, 2005.

4. On or about June 17, 2005, WPC sent a letter to Chase, acknowledging that prior to exercising WPC's contractual right to terminate the GPA, Chase had ninety (90) days to cure,

2

if possible, Ponderosa's default under the GPA, pursuant to that certain Consent and Agreement among WPC, Tenaska and the Agent dated as of December 16, 1994 (the "Consent and Agreement"). Thus, Chase was given an additional thirty (30) days from July 3, 2005, to cure Ponderosa's default. Accordingly, such cure period is set expire on August 2, 2005.

5.  On June 21, 2005, Ponderosa commenced an adversary proceeding by filing a verified complaint (the "Complaint") against WPC seeking, among other things, injunctive relief and damages in connection with the termination of the GPA. See Ponderosa Pine Energy Partners, Ltd. v. Williams Power Co., Inc., Adv. Proc. N. 05-02077 (Bankr. D.N.J. June 21, 2005). On June 30, 2005, WPC filed a motion for summary judgment on all counts of the Complaint, and on July 20, 2005, Ponderosa objected to WPC's motion for summary judgment and cross-moved for summary judgment. On July 29, 2005, WPC filed a reply brief in further support of the summary judgment motion and a brief in opposition to Ponderosa's cross-motion.

6.  On July 15, 2005, Ponderosa filed a motion to assume the GPA, to which WPC and Chase have each filed responses.

7.  Also on July 15, 2005, Chase filed the Motion, in which it "conditionally" seeks to lift the automatic stay in order to allow the Agent to exercise unspecified rights under the Consent and Agreement, but only in the event that the Court finds in favor of WPC's right to terminate the GPA.

## ARGUMENT

8.  Put simply, Chase fails to adequately explain why stay relief will be required for exercise of any rights it may have under the Consent and Agreement. Chase has no rights which would allow it to delay or otherwise prevent the termination of the GPA, by curing the default, substitution of other parties or otherwise.

3

9. Section 1.3 of the Consent and Agreement provides that in the event of Ponderosa's default, WPC will not terminate its performance under the GPA until it gives notice to the Agent and affords the Agent at least 90 days from receipt of notice to cure the default (or if the default is a non-monetary default, such longer period as is required so long as the Agent has commenced and is diligently pursuing appropriate action to cure the default). Section 1.3 further provides that if the Agent is prohibited from curing any such default by any process, stay or injunction pursuant to any bankruptcy proceeding involving Ponderosa, then the 90 day cure period shall be extended for the period of such prohibition up to a maximum of 180 days.

10. The exercise of any rights that the Agent may have under Section 1.3 is futile. The reason is clear. The default at issue -- the filing of the Debtors' Chapter 11 case -- has occurred and cannot be cured.

11. Chase's attempt to avail itself of its so-called "substitution" rights must also fail. Section 1.2 only provides a right to substitute a party to replace Ponderosa in an Event of Default under the Credit Agreement, in which case the Agent (or the substitute party) may step in the shoes of Ponderosa under the GPA. This provision in no way prevents or limits WPC's right to terminate the GPA upon an event of default under the GPA. Any party substituted in place of Ponderosa under the GPA would have only the rights and obligations that Ponderosa had under the GPA. WPC retains the right to terminate under the GPA, which rights are protected under Section 556 of the Bankruptcy Code. Substitution of another counterparty under the GPA has no effect on WPC's substantive rights thereunder.

12. In fact, the Consent and Agreement specifically anticipated the situation which now confronts the Agent. Section 1.5 of the Consent and Agreement provides that in the event the GPA is "terminated" as a result of Ponderosa's bankruptcy, WPC and Ponderosa will, at the option of the Agent, enter into a new agreement with the Agent having the same non-economic

4

terms as the GPA, with the economic terms being subject to negotiation. This provision addresses the exact situation that the parties find themselves in now, and provides a contractual remedy well-suited to the occasion.

13. Accordingly, any argument which may be forwarded by Chase that its rights under the Consent and Agreement prevent termination of the GPA is without merit.

WHEREFORE, for all the reasons set forth above, WPC requests that the Motion be denied with prejudice and that the Court grant such further relief which it deems just and proper.

Dated: August 1, 2005

        **CURTIS, MALLET-PREVOST,**
        **COLT & MOSLE LLP**

        By:  /s/ Steven J. Reisman
            Steven J. Reisman (SR 4906)
            Lynn P. Harrison 3rd (LH 5540)
        101 Park Avenue
        New York, New York 10178-0061
        Telephone: (212) 696-6000
        Facsimile:  (212) 697-1559

        -and-

        **HALL, ESTILL, HARDWICK, GABLE,**
        **GOLDEN & NELSON, P.C.**

        James M. Reed, Esq.
        Steven W. Soulé, Esq.
        Bonnie N. Hackler, Esq.
        320 South Boston Avenue, Suite 400
        Tulsa, Oklahoma 74103-3708
        Telephone: (918) 594-0627
        Facsimile:  (918) 594-0505

        Co-counsel for Williams Energy Derivatives
        and Trading Company n/k/a Williams Power
        Company, Inc.

2447835v3